# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MARTA CARRION CARRASQUILLO, Individually and on Behalf of All Others Similarly Situated, | Case No.: 18-cv-1094 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| vs. | **Jury Trial Demanded** |
| MESSERLI & KRAMER, P.A., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Wis. Stats. Ch. 421-427 (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Marta Carrion Carrasquillo is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged credit card debt.

5. Plaintiff is a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that she is engaged in consumer credit transactions. Wis. Stat. § 421.301(10). Purchases allegedly made using a credit card are, by definition, "consumer credit transactions" under the WCA. *Id.*

6. Defendant Messerli & Kramer, P.A. ("Messerli") is a law firm with its principal offices located at 100 S 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402.

7. Messerli is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Messerli is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Messerli is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On April 16, 2018, Messerli filed a small claims action against Carrasquillo in Milwaukee County Circuit Court, attempting to collect an alleged debt owed to "CACH LLC" ("CACH"). Milwaukee Co. Case No. 2018sc15057 (the "Small Claims Action").

10. The alleged debt at issue in the Small Claims Action was an alleged credit card account, originally owed to Bank of America, N.A. ("BoA"). In the Small Claims Action, Messerli represented that BoA had assigned its interest in the account to CACH. CACH is a debt buyer that is currently in bankruptcy proceedings in the Southern District of New York, and thus, is not named as a party to this action.

11. The alleged debt that Messerli was attempting to collect was for a personal credit card, originally owed to BoA. The alleged debt was incurred for personal, family or household purposes. Plaintiff only opened and used credit cards for purchases of household goods and services.

12. In Milwaukee County, small claims lawsuits require the defendant to appear in person on the return date in order to avoid the entry of default judgment.

13. The return date for Carrasquillo in the Small Claims Action was May 16, 2018.

2

14. On May 16, 2018, Carrasquillo appeared *pro se* in the Small Claims Action and disputed the debt. The court adjourned the Small Claims Action for further proceedings to be held on July 25, 2018. A copy of the docket in the Small Claims Action, as printed from Wisconsin Circuit Court Access ("CCAP") on July 13, 2018, is attached to this complaint as Exhibit A.

15. On or about June 4, 2018, Messerli mailed a document titled "Order for Financial Disclosure and Financial Disclosure Statement" ("Financial Disclosure Order") to Plaintiff regarding the Small Claims Action. A copy of the Financial Disclosure Order is attached to this complaint as Exhibit B. A copy of the envelope in which Messerli mailed Exhibit B to Carrasquillo, postmarked June 4, 2018, is attached as Exhibit C.

16. Exhibit B is, or is a close facsimile of, the "Financial Disclosure Statement" form used in Wisconsin state courts to require a judgment debtor to disclose income and assets *after* a judgment is entered.

17. In the context of this action, Messeli's use of Exhibit B is not only false and misleading to the unsophisticated consumer, but also a shocking abuse of the state court system.

18. Messerli mailed Exhibit B to Carrasquillo even though judgment was not entered on May 16, 2018.

19. Exhibit B falsely states that a judgment was entered against Carrasquillo on May 16, 2018:

IT IS ORDERED THAT the judgment debtor within 15 days of entry of judgment either
- Pay the judgment in full, or
- Accurately complete the following Financial Disclosure Statement and mail or deliver it to the judgment creditor or attorney at the following address: **Messerli & Kramer, PA**
  Name: _____  **3033 Campus Drive**
  Address: _____  **Suite 250**
  **Plymouth, MN 55441**

➤ Failure to comply with this order may be contempt of court and subject you to the following penalties:
- Imprisonment for up to 6 months.
- Forfeitures of not more than $2000 per day.
- Any other order necessary to ensure your compliance
- Punitive (criminal) sanctions under Wis. Stats. Ch. 785.

BY THE COURT:

May 16, 2018 _____   [signature]   5/16/18
Judgment Date      Circuit Court Judge/Circuit Court Commissioner    Date

3

20. Exhibit B includes the facsimile signature of a judge or court commissioner, and identifies May 16, 2018 as the "Judgment Date," even though judgment was not entered on May 16, 2018.

21. Exhibit B also falsely states that Carrasquillo is ordered by the court to complete the Financial Disclosure Statement and send it to Messerli within 15 days.

22. Plaintiff is under no legal obligation to respond to Exhibit B, but the unsophisticated consumer in this situation would not know that.

23. Exhibit B requests that Carrasquillo provide personal information to Messerli, including Carrasquillo's phone number, social security number, employer contact information, and information about Carrasquillo's spouse.

24. Exhibit B also contains the statement: "The information on this statement is true and correct," with a signature line for the "Signature of Judgment Debtor/Corporate Officer."

25. Exhibit B creates the false impression that the consumer is required by law to complete Exhibit B and return it to Messerli.

26. When mailed at a time when no judgment has been entered, Exhibit B also misleads a consumer into believing that judgment has been entered and there is no point to continue contesting the debt.

27. Upon information and belief, Messerli sent Exhibit B to make the consumer believe that judgment had already been entered, and that he or she is required to respond to Exhibit B and provide the information requested in Exhibit B to Messerli.

28. Exhibit B creates in the unsophisticated consumer the concern that he or she may be required to respond to Exhibit B or risk sanctions from the court.

29. The unsophisticated consumer would be confused as to whether he or she was required to respond to <u>Exhibit B</u>, and is misled by the misrepresentations that a judgment had been entered.

30. Plaintiff had to spend time and money investigating <u>Exhibit B</u> and the consequences of any potential responses to <u>Exhibit B</u>.

31. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of <u>Exhibit B</u>.

### **The FDCPA**

32. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21

5

(D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

36. 15 U.S.C. § 1692e(13) prohibits a debt collector from making a "false representation or implication that documents are legal process."

37. 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

### The WCA

38. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

39. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

40. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

7

41. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

42. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

43. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

44. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

45. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly

8

adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

46. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

47. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer . . . ."

48. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

49. Wis. Stat. § 427.104(1)(k) states that a debt collector may not "Use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney-at-law when it is not."

## COUNT I – FDCPA

50. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

51. Exhibit B is confusing and misleading to the unsophisticated consumer.

52. Exhibit B falsely represents that judgment has been entered against Carrasquillo.

53. Exhibit B's misleading effect is enhanced by Messerli's inclusion of a facsimile signature of a judge or court commissioner and its use of a similar or identical form to the official one used in state courts.

54. Exhibit B misleads the unsophisticated consumer as to whether the court requires the consumer to respond to the "Financial Disclosure Order" form.

55. Exhibit B simulates judicial process. *See* Exhibit C.

56. Messerli violated 15 U.S.C. §§ 1692e, 1692e(10), 1692e(13) and 1692f.

## COUNT II -- WCA

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58. Exhibit B falsely represents that judgment has been entered against Carrasquillo.

59. Exhibit B's misleading effect is enhanced by Messerli's inclusion of a facsimile signature of a judge or court commissioner and its use of a similar or identical form to the official one used in state courts.

60. Exhibit B misleads the unsophisticated consumer as to whether the court requires the consumer to respond to the "Financial Disclosure Order" form.

61. Exhibit B simulates judicial process. *See* Exhibit C.

62. Messerli violated Wis. Stat. §§ 427.104(1)(k).

63. Plaintiff further seeks injunctive relief under the WCA, Wis. Stat. § 426.109(1).

64. Plaintiff and all Class members also seek punitive damages for defendants' outrageous conduct. Wis. Stat. § 895.043(3) provides that "The plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff."

## CLASS ALLEGATIONS

65. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an "Order for Financial Disclosure and Financial Disclosure Statement" in the form represented by Exhibit B to the complaint in this action, (c) when judgment had not been entered against the class member for the alleged debt, (d)

10

Case 2:18-cv-01094-JPS   Filed 07/17/18   Page 10 of 12   Document 1

seeking to collect a debt for personal, family or household purposes, (e) between July 13, 2017 and July 13, 2018, (f) that was not returned by the postal service.

66. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

67. Messerli is a high-volume collection law firm. A search of Wisconsin Circuit Court Access for small claims actions filed by Attorney Jim Kachelski – the attorney employed by Messerli who filed the Small Claims Action – returns over 3,400 cases in Milwaukee County alone and a statewide search returns an error message for too many results.

68. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692f, or Wis. Stat. § 427.104(1)(k).

69. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

70. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

71. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

72. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

11

(a) actual damages;

(b) statutory damages;

(c) punitive damages;

(d) injunctive relief;

(e) attorneys' fees, litigation expenses and costs of suit; and

(f) such other or further relief as the Court deems proper.

Dated: July 17, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com